NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3209

PATRICIA J. GALL,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Patricia J. Gall, of Merrillan, Wisconsin, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3209

PATRICIA J. GALL,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0752-09-0063-I-1.

_____

DECIDED: December 14, 2009

_____

Before MAYER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Patricia J. Gall appeals the final order of the Merit Systems Protection Board, which denied her petition for review of the initial decision dismissing her appeal for lack of jurisdiction. Gall v. Dep't of Agriculture, No. CH-0752-09-0063-I-1 (April 22, 2009). We affirm.

We must affirm the board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the board has

jurisdiction over an appeal is a question of law that we review <u>de</u> <u>novo</u>. <u>See</u> <u>Forest v.</u> <u>Merit Sys. Prot. Bd.</u>, 47 F.3d 409, 410 (Fed. Cir. 1995).

On April 10, 1988, Gall was appointed as a Clerk-Typist with the Farmers Home Administration. Gall resigned from her position on October 6, 1992, less than five years after her employment began. She erroneously received a letter on July 22, 1999, from the Office of Personnel Management, which stated that she was entitled to a deferred annuity. In 2006, when she turned 62 years old, Gall attempted to collect this annuity, but was informed that she had not completed the required five years of service.

On October 18, 2008, Gall appealed her resignation to the board claiming that her resignation was involuntary. The administrative judge found that Gall failed to raise any allegations that her resignation was sought or imposed, that she had no realistic alternative to resigning, or that resignation was the result of an improper agency action. As a result, the administrative judge dismissed her appeal for lack of jurisdiction because her resignation was not involuntary and did not constitute an appealable adverse action.

A voluntary action by an employee, such as resignation, lies outside the jurisdiction of the board. <u>See</u> <u>Garcia v. Dep't of Homeland Sec.</u>, 437 F.3d 1322, 1328-29 (Fed. Cir. 2006) (en banc). The record is devoid of any evidence that Gall's decision in 1992 to retire was anything but voluntary.